IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Robert Schmidt, ) | |
| ) | |
| Plaintiff, ) | |
| ) | COMPLAINT |
| vs. ) | |
| ) | (Non-Jury) |
| BMW Manufacturing Co., LLC ) | |
| ) | Civil Action File No.: 7:17-cv-02670-MGL |
| Defendant. ) | |
| _____ ) | |

Plaintiff, complaining of Defendant, respectfully shows unto the Court as follows:

1. Plaintiff is a citizen and resident of Portland, Oregon.

2. Defendant is, upon information and belief, a corporation organized under the laws of one of the States of the United States with an office, agents, and a manufacturing facility in Spartanburg County, South Carolina.

3. Plaintiff was hired by Defendant on March 31, 1997, at its Spartanburg facility.

4. Plaintiff retired on October 7, 2016.

5. On October 5, 2016, Plaintiff received a letter from Defendant offering him a "voluntary separation package" entitling him to a "one-time $80,000 lump sum payment" if he would agree to retire. The letter further stated that Plaintiff met the "program requirements". (Exhibit A)

6. Since he had already planned to retire, Plaintiff inquired of Defendant's management if he would be receiving the separation payment. He spoke with Jan Jones, Defendant's Human Resources Manager, and asked if he could be considered for this payment, even though he had already requested to retire. She said she would check and let him know. When he spoke with her the next day, she indicated he was not eligible because he had requested retirement two months earlier.

7. Plaintiff persisted in his efforts and was advised by his supervisor to contact another of Defendant's Human Resources Managers, Corey Epps, which he did. Epps responded by e-mail dated October 13, 2016, with the same information as that given to him by Jan Jones, to wit: "Any Associate who has informed the Company in writing prior to September 1, 2016 of his or her intention to terminate employment will NOT be eligible to receive the special separation benefit under this Program." (Exhibit B)

8. Plaintiff inquired again by sending a letter dated March 13, 2017 to Defendant's Vice President of Human Resources, Johannes Trauth. (Exhibit C) Plaintiff has not received a reply or response to his letter.

9. Plaintiff inquired again through counsel by letter to Defendant's in-house Corporate Counsel on April 7, 2017. (Exhibit D) Plaintiff has not received a written reply or response to this letter and all plan remedies have been exhausted.

10. Upon information and belief, BMW's retirement incentive plan had been approved or adopted at the time he requested to retire and that Plaintiff should have been informed of

2

the plan at that time as required by the Employee Retirement Income Security Act (ERISA).

11. BMW's failure to disclose the plan and its denial of the incentive compensation to Mr. Schmidt is inconsistent with the duty of loyalty owed by all fiduciaries and codified in section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1).

## FOR A FIRST CAUSE OF ACTION

## (ERISA)

12. Paragraphs one through eleven, to the extent consistent herewith, are incorporated herein by reference.

13. Defendant's retirement incentive plan is an employee welfare benefit plan and/or employee pension benefit plan as defined in ERISA, 29 U.S.C. § 1002.

14. Defendant's failure to disclose the plan and its denial of the incentive compensation to Plaintiff constitutes a breach of the duty of loyalty owed by all fiduciaries and codified in section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1).

15. Plaintiff is entitled to the benefits due to him under the terms of the plan pursuant to ERISA, 29 U.S.C. § 1132.

WHEREFORE, Plaintiff prays for judgment against Defendant in the following particulars, to wit:

    a.    That Plaintiff have and recover actual, compensatory, and consequential damages;

    b.    That Plaintiff have and recover costs, interest, and attorney's fees pursuant to statute;

c.  That the Court retain jurisdiction of this action to assure full compliance with the orders of this Court and with applicable law and require Defendant to file such reports as the Court deems necessary to evaluate such compliance;

d.  That the Court grant such additional relief as might be just and appropriate under the circumstances of this case.

October 4, 2017                                             s/John P. Mann, Jr.
                                                            John P. Mann, Jr. (Fed. ID #5513)
                                                            MANN LAW FIRM, P.A.
                                                            512 E North St.
                                                            Greenville, SC  29601
                                                            (864)243-8358
                                                            JPM@MANNLAW.ORG
                                                            Attorney for Plaintiff